IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HSBC MORTGAGE SERVICES INC. formerly known as HOUSEHOLD FINANCIAL SERVICES, INC., a Delaware corporation, | ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 07 C 0974 |
| v. | ) ) | |
| BAY CAPITAL CORP., a Maryland corporation, | ) ) ) | |
| Defendant. | ) ) ) | |

## MOTION TO AWARD DAMAGES AND ENTER JUDGMENT AGAINST DEFENDANT BAY CAPITAL CORPORATION

Plaintiff HSBC Mortgage Services Inc. ("HSBC"), by its attorneys, respectfully requests the Court to award damages and enter judgment for those damages against Defendant Bay Capital Corporation ("Bay Capital"), which the Court has found to be in default. In support hereof, HSBC states as follows:

### BRIEF BACKGROUND

On February 20, 2007, HSBC filed its Complaint against Bay Capital seeking damages caused by breaches of the Bulk Continuing Loan Purchase Agreement dated March 15, 2002 (the "Loan Purchase Agreement") entered into by and between the parties. Subsequently, on August 21, 2007, HSBC filed its First Amended Complaint seeking additional damages caused by breaches of the Loan Purchase Agreement. Bay Capital was served with the Summons and First Amended Complaint in this matter via FedEx on September 11, 2007 and via certified mail on September 13, 2007. Bay Capital does not have a pending appearance on file in this case, and

has not answered or otherwise pleaded in response to the First Amended Complaint, despite service of Summons and First Amended Complaint.

On November 29, 2007, this Court found Bay Capital in default and set a hearing date for prove-up on December 21, 2007. HSBC hereby files this Motion to establish the damages to which it is entitled in connection with a final judgment against Bay Capital.

## ARGUMENT

**I. HSBC IS ENTITLED TO AN AWARD AGAINST BAY CAPITAL OF $2,835,749.93 FOR DAMAGES CAUSED BY BREACHES OF THE AGREEMENT (COUNT I).**

On or about March 15, 2002, HSBC and Bay Capital signed and executed the Loan Purchase Agreement. (*See* Am. Compl. at ¶ 14; Affidavit of Chris Olliff ("Olliff Affidavit"), a true and correct copy of which is attached hereto as Exhibit A and incorporated herein, at ¶ 2). Pursuant to the terms of the Loan Purchase Agreement, Bay Capital agreed to sell, from time to time, certain residential mortgage loans to HSBC and HSBC agreed to purchase, from time to time, certain residential mortgage loans from Bay Capital. (*See* Am. Compl. at ¶ 2; Olliff Affidavit at ¶ 3). For each such loan, Bay Capital provided specific and clear representations and warranties to HSBC. (*See* Am. Compl. at ¶ 3; Olliff Affidavit at ¶ 4). If any loan HSBC purchased pursuant to the Loan Purchase Agreement did not conform with such representations and warranties, the agreement required Bay Capital to repurchase such loans from HSBC at a price calculated pursuant to a clear and definite formula set forth in those agreements. (*See id.*)

On or around the dates listed in the First Amended Complaint, HSBC requested that Bay Capital repurchase certain loans (referred to in the First Amended Complaint and herein as the First Payment Default Loans and the Fraudulent Loans). (*See* Am. Compl. at ¶¶ 29 - 144; Olliff Affidavit at ¶¶ 16, 34). Bay Capital has failed to repurchase these loans and is therefore in

2

breach of the agreements. (*See* Am. Compl. at ¶¶ 34, 46, 53, 61, 69, 79, 87, 94, 102, 110, 119, 128, 138, 144; Olliff Affidavit at ¶¶ 17, 35). In addition, HSBC requested that Bay Capital refund premiums paid by HSBC to Bay Capital for certain loans (referred to in the First Amended Complaint and herein as the Prepayment Loans). (*See* Am. Compl. at ¶ 149; Olliff Affidavit at ¶ 68). While Bay Capital has refunded to HSBC certain premiums, it has failed to refund other premiums. (*See* Am. Compl. at ¶¶ 150 - 152; Olliff Affidavit at ¶ 69 - 72). The unpaid amounts owed by Bay Capital under the Loan Purchase Agreement is $2,835,749.93. (*See* Olliff Affidavit at ¶¶ 32, 64, 70, 72).

## II. HSBC IS ENTITLED TO RECOVER $18,933.74 IN ATTORNEYS' FEES AND COSTS.

HSBC is entitled to attorneys' fees and costs incurred in enforcing its rights under the Loan Purchase Agreement. (*See* Am. Compl. at ¶ 26; Olliff Affidavit at ¶ 12). It is established under Illinois law (which applies in this case) that attorneys' fees and costs are recoverable if allowed by statute or under the terms of an agreement between the parties. *West Lafayette Corp. v. Taft Contracting Co.*, 178 F.3d 840, 842 (7th Cir. 1999). Accordingly, HSBC now sees to recover from Bay Capital the reasonable costs, attorneys' fees and expenses that it incurred in enforcing its rights under the above-referenced agreements. Through November 16, 2007, the total amount of attorneys' fees incurred by HSBC in this matter is $17,509.67; the total amount of costs incurred by HSBC is $1,424.07. The total amount of attorneys' fees and costs incurred by HSBC in this matter, therefore, is $18,933.74, which is reasonable based on the facts and circumstances. (*See* Affidavit of Suzanne M. Scheuing, a true and correct copy of which is attached hereto as Exhibit B and incorporated herein, at ¶¶ 5-8).

## CONCLUSION

WHEREFORE, HSBC respectfully requests this Court to grant this Motion and: (a) award HSBC the damages requested herein; (b) award HSBC the attorneys' fees and costs requested herein; (c) enter final judgment against Bay Capital in those amounts; and (d) grant any other relief that the Court deems proper and just.

Dated: December 18, 2007

Respectfully submitted,

HSBC MORTGAGE SERVICES INC.
formerly known as HOUSEHOLD
FINANCIAL SERVICES, INC.

/s/ Suzanne M. Scheuing
One of Its Attorneys

Neal H. Levin (ARDC # 6203156)
Suzanne M. Scheuing (ARDC #6270563)
Freeborn & Peters LLP
311 S. Wacker Drive
Suite 3000
Chicago, Illinois 60606
312/360-6000